UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAWNORI d/b/a RAWNORI.COM and
d/b/a RAWNORI HEALTHY LIVING,

                Plaintiff,

- against -

GUANGZHOU SHI TAI KU KE JI YOU
XIAN ZE REN GONG SI,

                Defendant.

**ORDER**

20 Civ. 10257 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On December 9, 2020, Plaintiff Rawnori filed this trademark infringement action, which is based on the mark "RAWNORI," against Defendant Guangzhou Shi Tai Ku Ke Ji You Xian Ren Gong Si. (Cmplt. (Dkt. No. 4)) Plaintiff sells its products on its website and through an Amazon.com storefront, "RAWNORI Healthy Living," and at least some its products bear the RAWNORI mark. (Id ¶¶ 2, 8, 10) Plaintiff alleges that it has consistently used the RAWNORI mark in commerce since 2011, and that it has used the mark on its website and its Amazon.com storefront since 2012. (Id. ¶ 10)

        In 2019, Defendant registered a trademark for the RAWNORI mark with the U.S. Patent and Trademark Office ("USPTO"). The Complaint alleges that Defendant obtained the registration fraudulently, by claiming that it was the first user of the RAWNORI mark in commerce, and that its first use took place on August 26, 2018. According to Plaintiff, Defendant knew that Plaintiff had been using the RAWNORI mark in commerce prior to August 26, 2018. (Id. ¶¶ 14-15, 19)

On February 17, 2021, Plaintiff filed an application for a temporary restraining order ("TRO") that would enjoin Defendant from using "the Protected Mark." The proposed TRO does not define the term "Protected Mark," however, and the scope of Plaintiff's rights in the RAWNORI mark is likewise not clear from Plaintiff's supporting papers. The proposed TRO would also restrain "Defendant's Merchant Storefronts and Assets with financial institutions"; authorize bifurcated and alternative service; and authorize expedited discovery. (See Dkt. No. 6)

For the reasons stated below, the proposed TRO cannot be granted in its current form. Accordingly, Plaintiff's application will be denied without prejudice.

As an initial matter, and as noted above, the proposed TRO references a "Protected Mark," but never defines the term. (See, e.g., id. at 2) It also provides for Plaintiff's application to be considered ex parte, and for the sealing of the Complaint and Plaintiff's moving papers. (Id. at 12) But the Complaint and all of Plaintiff's moving papers were filed on the public docket, and Plaintiff has brought a proceeding for cancellation of Defendant's trademark before the USPTO. (Holman Decl. (Dkt. No. 6-2) ¶ 12) Accordingly, it is not clear why an ex parte proceeding and sealing would be appropriate. Finally, the precise nature of Plaintiff's prior use of the RAWNORI mark and the scope of the rights Plaintiff is claiming in the RAWNORI mark are not clear from Plaintiff's papers.

Plaintiff must also provide a factual basis for the exercise of personal jurisdiction over the Defendant. Absent an affidavit or declaration demonstrating that the Defendant sold merchandise to a New York customer – or otherwise transacted business in New York – there is no basis for this Court to exercise jurisdiction over the Defendant. As other courts in this District have stated, "'[i]t stretches the meaning of "transacting business" to subject defendants to

personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred.'"  Alibaba Grp. Holding Ltd. v. Alibabacoin Found., 18-CV-2897 (JPO), 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (quoting Savage Universal Corp. v. Grazier Constr., Inc., No. 04 Civ. 1089(GEL), 2004 WL 1824102 at *9 (S.D.N.Y. Aug. 13, 2004).

Rolex Watch, U.S.A., Inc. v. Pharel, No. 09 CV 4810(RRM)(ALC), 2011 WL 1131401 (E.D.N.Y. Mar. 11, 2011), cited by Plaintiff (see Pltf. Br. (Dkt. No. 6-1) at 13), is not to the contrary.  In that case, the alleged counterfeit products at issue were shipped from the forum. See Rolex Watch, 2011 WL 1131401, at *2 ("Defendant . . . is alleged to live in Brooklyn, New York, from where both watches were shipped.")

Moreover, given that Defendant has registered the RAWNORI mark, Plaintiff's vague and conclusory allegations regarding its prior use are insufficient to demonstrate a likelihood of success on its claims.  Details concerning Plaintiff's prior use – set forth in an affidavit or declaration – are necessary.  Details concerning the status of the cancellation proceeding before the USPTO are likewise required.

For all these reasons, Plaintiff's application for a temporary restraining order is denied without prejudice.

Dated:  New York, New York
        February 26, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge